UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DON MONTRAIL BRADFORD ]<br>    Plaintiff, ]<br>]<br>v. ]<br>]<br>MATTHEW W. MELLADY, et al. ]<br>    Defendants. ] | No. 3:14-2031<br>Judge Campbell |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a resident of Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Matthew Mellady, an employee of the Federal Bureau of Prisons; the Federal Correctional Institution (Glimer) in Glenville, West Virginia; Blanche Cook, an Assistant United States Attorney in the Middle District of Tennessee; Chris Holland, Warden of the United States Penitentiary (McCreary) in Pine Knot, Kentucky; and other members of the McCreary staff; seeking declaratory, injunctive and monetary relief.

The plaintiff was released from federal custody on May 7, 2014. While he was incarcerated, the plaintiff alleges

> Plaintiff's life was placed in danger, due to other inmates being allowed to see charges on prison computer. Mistake was made by Federal Officials in placing false information on computer, which later was admitted to by Tennessee Attorney General. Due to mistakes being made, was placed in Administrative Segregation by prison officials and denied access to prison population activities, specifically deliberate indifference and causing character assassination by others.

1

Docket Entry No. 1 at pg.5.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In this instance, the defendants are federal employees. They were not acting "under color of state law" within the meaning of § 1983 during the plaintiff's confinement in federal penal facilities. Thus, plaintiff's claims are not actionable under § 1983.

When a plaintiff proceeding in forma pauperis, as is the case here, has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                  Todd Campbell
                                                  United States District Judge