UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DON MONTRAIL BRADFORD** ]<br>    **Plaintiff,** ]<br> ]<br>**v.** ]<br> ]<br>**MATTHEW W. MELLADY, et al.** ]<br>    **Defendants.** ] | **No. 3:14-2031**<br>**Judge Campbell** |

**M E M O R A N D U M**

By an order (Docket Entry No. 6) entered October 29, 2014, the instant *pro se* § 1983 action was dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2).

On appeal, a panel of the Sixth Circuit Court of Appeals determined that the plaintiff's complaint should have been construed as one brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather that under 42 U.S.C. § 1983. Plaintiff's action has been remanded here for that purpose. Bradford v. Mellady, et al., Appellate No. 14-6347 (6th Cir.; 3/2/15).

The plaintiff was released from federal custody in May, 2014. He filed his complaint in October, 2014 against Matthew Mellady, an employee of the Federal Bureau of Prisons; the Federal Correctional Institution (Glimer) in Glenville, West Virginia; Blanche Cook, an Assistant United States Attorney for the Middle District of Tennessee; Chris Holland, Warden of the United States Penitentiary (McCreary) in Pine Knot, Kentucky; and other members of the McCreary staff; seeking declaratory, injunctive and monetary relief.

1

The plaintiff's Statement of Claim reads in its entirety as follows :

> Plaintiff's life was placed in danger, due to other inmates being allowed to see charges on prison computer. Mistake was made by Federal Officials in placing false information on computer, which later was admitted to by Tennessee Attorney General. Due to mistakes being made, was placed in Administrative Segregation by prison officials and denied access to prison population activities, specifically deliberate indifference and causing character assassination by others.

Docket Entry No. 1 at pg. 5. The plaintiff states that the incident he is complaining about took place at USP-McCreary in November, 2012. *Id.*

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra.* The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff alleges that "Federal Officials" made a mistake by placing incorrect information on a computer where other inmates could see it. He does not identify who placed his life in danger as a result of this mistake. Nor does he even mention any of the named defendants in his Statement of Claim. Consequently, the plaintiff has failed to state a claim under Bivens for which relief can be granted.

In any event, the plaintiff admits that the incident he is complaining about occurred at the USP-McCreary in November, 2012. The instant action was not deemed filed until the plaintiff

signed the complaint and presumably placed it in the mail on October 27, 2014. Houston v. Lack, 487 U.S. 266, 270 (1988). USP-McCreary is in Pine Knot, Kentucky. The limitation period for a Bivens action arising in Kentucky is one year. McSurely v. Hutchison, 823 F.2d 1002, 1005-06 (6th Cir. 1987), *cert. denied*, 485 U.S. 934 (1988). Thus, this action is untimely.

In the absence of a timely, actionable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge